UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION at Hammond

| | |
|---|---|
| JEREMY FELTHOFF, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:24-cv-29-GSL-AZ |
| ) | |
| ALEX SLIGER, ) | |
| ) | |
| Defendant. ) | |

### FINDINGS, REPORT, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE PURSUANT TO 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72-1

This matter is before the Court on Defendant's Motion to Dismiss as Sanction for Failure to Prosecute and Adequately Respond to Discovery [DE 50], filed on September 10, 2025, and on the Court's own Order to Show Cause [DE 26], entered September 22, 2025. This Report constitutes the Court's proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The Court recommends that District Court Judge Gretchen S. Lund grant Defendant's motion and dismiss this lawsuit as a sanction for Plaintiff Jeremy Felthoff's failures to appear, respond to discovery or otherwise prosecute this matter, as described below.

### Background

This case arises from Plaintiff's arrest by Tippecanoe County Sheriff's Deputy Alex Sliger during a traffic stop on December 6, 2022. DE 1 at 1. On November 12, 2024, Felthoff's then-counsel moved to withdraw his appearance. DE 16. At the subsequent hearing held on December 17, 2024, Felthoff failed to appear and his counsel was granted leave to withdraw. DE 19. On January 30, 2025, Felthoff again

failed to appear for a scheduled hearing. DE 22. Based on the two failures to appear, I issued an Order to Show Cause which warned Felthoff of possible sanctions including dismissal. DE 23. On March 6, 2025, just before the show cause hearing, the Court received a call from a nurse at IU Health in Lafayette that Felthoff had been admitted there and could not appear at the hearing. DE 25. I reissued the Order to Show Cause for April 29, 2025. DE 26. Prior to the hearing, the Court received an email from Felthoff to chambers to inform me of further medical issues that prevented his appearance in-person at the hearing. DE 34. I reissued the Order to Show Cause and granted Felthoff permission to appear telephonically. DE 35.

Felthoff appeared for the May 27, 2025, hearing, so I discharged the Order to Show Cause. DE 38. The parties and I discussed his medical issues and how the case would proceed. *Id*. I issued case deadlines for discovery and stayed the deadlines relating to Sliger's pending motion for summary judgment. DE 39. On June 20, 2025, Felthoff filed responses to Sliger's interrogatories, a motion to strike Sliger's statement of facts, and motion to subpoena a non-party officer and compel production of evidence. DE 42, 43, 44, and 45. Meanwhile, Sliger filed a request for supplementation to Felthoff, asking him to explain some of his answers and produce documentation. DE 46. On July 28, 2025, the Court held a status conference. Felthoff once again failed to appear. DE 47. Felthoff did not inform the Court of his absence or inability to appear, and multiple unsuccessful attempts were made to contact him. *Id*. Counsel for Defendant indicated he had not had any contact with Felthoff either, nor had Felthoff responded to counsel's requests for supplementation. I subsequently

issued another Order to Show Cause on August 11, 2025. DE 48. I ordered Felthoff to appear, in-person or telephonically, on September 22, 2025, or at least contact the Court by email or telephone, which he had done previously. *Id*. He was also ordered to respond to Defendant's requests for supplementation by the same date.

On September 22, 2025, Felthoff failed to appear or to contact the Court. He has also not responded to Defendant's counsel.

## Analysis

Rule 41(b) allows a court to dismiss an action, upon motion, "if the plaintiff fails to prosecute or to comply with these rules or a court order." FED. R. CIV. PRO. 41(B). Before the district court imposes a Rule 41(b) dismissal, it must consider five factors: 1) whether the wrongdoer (or her counsel) received "due warning" that such a sanction was a possibility; 2) the frequency and magnitude of the wrongdoer's failure to comply with deadlines and other court orders; 3) the efficacy of less severe sanctions; 4) whether the misconduct prejudiced the other party or other litigants on the court's docket; and 5) the likely merits of the wrongdoer's case. *Graham v. Schomaker*, 215 F.3d 1329 (7th Cir. 2000).

In ruling on a Rule 41(b) motion, the court must take an unbiased view of all the evidence, direct and circumstantial, and accord it such weight as the court believes it is entitled to receive." *Sanders v. Gen. Servs. Admin.,* 707 F.2d 969, 971 (7th Cir. 1983) (citing *Patterson v. Gen. Motors Corp.,* 631 F.2d 476, 487 (7th Cir. 1980), *cert. denied,* 451 U.S. 914 (1981) ); *accord, Lee Tool & Mould, Ltd. v. Fort Wayne Pools, Inc.,* 791 F.2d 605, 610 n.7 (7th Cir. 1986). A Rule 41(b) dismissal is a

"drastic remedy," *O'Rourke Bros., Inc. v. Nesbitt Burns, Inc.,* 201 F.3d 948, 953 (7th Cir. 2000) and a "harsh sanction" that should "be employed only as a last resort." *Rice v. City of Chicago.*, 333 F.3d 780, 786 (7th Cir. 2003).

Separate and apart from Rule 41(b), the defendant also moves for dismissal under Rules 16(f) and 37(b). Rule 16 allows for sanctions, including dismissal, if a party fails to follow an authorized court order under Rule 37. FED. R. CIV. P. 16(f); FED. R. CIV. P. 37(b). While the criteria for sanctions under these rules are the same as with 41(b), *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993), they are typically utilized when a party has demonstrated willfulness, bad faith, or fault. *See Downs v. Westphal,* 78 F.3d 1252, 1256 (7th Cir. 1996). Because the Rule 41(b) factors offer adequate grounds for dismissal, the Court will not make a finding on any willfulness, bad faith, or fault for Felthoff disobeying court orders, but instead only his failure to prosecute.

In this case, Plaintiff was explicitly warned multiple times that dismissal was a possibility if he did not appear in court. He was warned of the consequences of his attorney's withdrawal. DE 16, 19. He was warned via the first Order to Show Cause. DE 23, 24. He was warned when the hearing was reset due to his medical issues and again when he successfully appeared on May 27, 2025. DE 26, 38. Despite his medical issues, Plaintiff has shown he is capable of calling and emailing the Court.[1] DE 33, 34. His communications also confirm that he is receiving the correspondence from the Court. Prior to this Report and Recommendation, Plaintiff received yet another

---

[1] Felthoff also contacted chambers directly at least twice, and he indicated his intent to appear in Court and was warned of the consequences of failing to do so. *See* DE 36.

warning of the consequences of his failures to appear and respond to discovery in the Court's most recent Show Cause Order and Defendant's motion to dismiss. DE 48, 50. These facts alone warrant the dismissal of this case.

A court should consider the frequency and magnitude of the plaintiff's noncompliance with deadlines in evaluating a motion pursuant to Rule 41(b). *Design Basics, LLC v. Henderlong Homes LLC*, No. 2-16-CV-324-TLS, 2019 WL 1115671, at *2 (N.D. Ind. Mar. 11, 2019) (citing *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011)). Multiple missed deadlines are sufficient to warrant dismissal. *Malone v. Securitas Sec. Servs. USA, Inc.*, 669 Fed. App'x. 788, 789 (7th Cir. 2016). This reasoning is equally applicable to missed or ignored Court orders. As stated above, Felthoff has failed to comply multiple Court order since his attorney withdrew, even though he is aware of the orders and has received them from the Court multiple times. The fact that he called and emailed chambers regarding his nonappearance, his obligations since his attorney withdrew, and his ability to appear telephonically indicate that he had knowledge that hearings were being scheduled and that his attendance was required. Despite this, he failed to communicate with the Court or the defendant.

Prejudice may arise from the mere continued existence of the suit, by tying up a defendant's time and prolonging uncertainty and anxiety. *Martinez v. County of Porter, Indiana*, 2016 WL 6996045, at *2 (N.D. Ind. Nov. 20, 2016). "Unwarranted prejudice to a defendant from keeping a suit alive is an important consideration in the choice of sanctions for dilatory behavior from the wide menu available to the

district judge." *Ball v. City of Chicago*, 2 F.3d 752, 759 (7th Cir. 1993). Felthoff's failure to prosecute could not be more prejudicial to the defendants, since they are completely and utterly unable to move this case forward without his cooperation.

It is impossible to know if less severe sanctions would be effective because the Court cannot ascertain the reason for Felthoff's current nonappearance. It could be because of continuing medical issues. But Felthoff previously had the hospital to which he was admitted contact the Court on his behalf and I found that sufficient. He has not contacted the Court since his last appearance. Because he has not sufficiently or promptly followed court orders, this Court has no confidence that Felthoff would follow any other sanction either. He was warned of the most severe sanction, dismissal, multiple times, yet that has failed to move him to action.

The Court has little knowledge of the merits of the case because it is still in the discovery stage and there have been no substantive proceedings. The defendant has filed a motion for summary judgment, but it is not ripe for review since Felthoff has not responded and deadlines are currently stayed. It is proper, but not necessary, for a judge to consider the merits of a suit prior to dismissal. *Beeson v. Smith,* 893 F.2d 930, 931 (7th Cir. 1990). Though it is unnecessary given the strength of the other Rule 41(b) factors, I will note in one of the defendant's discovery requests, DE 46, he states that the vast majority of Felthoff's claims are flatly contradicted by body camera footage. But this a drop in the bucket compared to the other Rule 41(b) factors.

The Court cannot ascertain why Felthoff has failed to prosecute this case. He previously made diligent efforts to keep in contact with the Court despite medical

6

issues, and had shown adequate capability in filing motions on the docket and raising issues with the Court. While I hope Felthoff's medical issues have not impeded his ability to prosecute the case, the Rule 41(b) factors and subsequent prejudice to the defendant do not justify permitting the case to continue.

## Conclusion

For the reasons discussed, the Court **RECOMMENDS** that District Court Judge Gretchen S. Lund **GRANT** Defendants' Defendants' Motion to Dismiss as Sanction for Failure to Prosecute and Adequately Respond to Discovery [DE 50] and **SANCTION** Plaintiff Jeremy Felthoff by dismissing this lawsuit for his failures to appear or otherwise prosecute this case.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 2nd day of October 2025.

/s/ *Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT

cc: Plaintiff Jeremy Felthoff, *pro se*, regular and certified mail, return receipt requested